[No. 25365. Department One. March 12, 1935.]

LAURA A. WEYAND, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Browder Brown, Assistant,* for appellant.

*Lester Whitmore,* for respondent.

BEALS, J.—Laura A. Weyand, the plaintiff in this proceeding, during the month of August, 1933, filed with the department of labor and industries her claim for a pension, which she alleged was due her under the law as widow of William Daniel Weyand, who died July 12, 1933, after an operation for hernia, which resulted from an injury which Mr. Weyand sustained as the result of an accident while engaged in extrahazardous employment within the purview of the workmen's compensation act. The supervisor rejected Mrs. Weyand's claim, stating that

[1]Reported in 42 P. (2d) 6.

". . . the claim of Laura A. Geer Weyand is ordered rejected for the reason that she and deceased have lived separate and apart for two years and she had not during that time received or tried by process of law to collect funds for her support and maintenance as provided in section 7679;"

his order being later, on review, sustained by the joint board. From this ruling, Mrs. Weyand appealed to the superior court, which rendered judgment in her favor, reversing the order of the department and directing that she be awarded a pension, from which judgment the department has appealed.

There is little dispute as to the facts, appellant contending that respondent is not entitled to a pension because of the provisions of subdivision (i), Rem. Rev. Stat., § 7679 [P. C. § 3472], which reads as follows:

"A husband or wife of an injured workman, living in a state of abandonment for more than one year at the time of the injury or subsequently, shall not be a beneficiary under this act. A wife who has lived separate and apart from her husband for the period of two years and who has not, during that time, received, or attempted by process of law to collect, funds for her support or maintenance, shall be deemed living in a state of abandonment."

The trial court made voluminous findings of fact, to many of which appellant excepts, contending that they are too favorable to respondent's position, and, to some extent at least, not supported by the evidence, and also for the reason that many of the facts found are entirely immaterial. In considering the questions presented, we base our decision upon facts which, as we understand appellant's argument, are conceded to be true.

Respondent and the deceased intermarried during the month of December, 1922, each having been previously married, and having living children. Mr.

Weyand worked in logging and construction camps, to which he was often accompanied by respondent. It appears that the husband was at times a hard drinker, and that, while away from his wife, at times disregarded his marital obligations to properly support her. Mrs. Weyand's health was not good, and she could not always accompany her husband. When they were together, they were apparently happy in each other's society, and saved money.

In 1928, Mr. Weyand went to work on the Diablo dam, at good wages, where he was employed for approximately two years, during which time Mr. and Mrs. Weyand lived together and save approximately eleven hundred dollars. This work ended during the fall of 1930, after which the couple motored through California in an endeavor, on the part of Mr. Weyand, to find a job. On the trip, he suffered a fracture of his leg; Mrs. Weyand's health also being poor.

They returned to their home in Bellingham in April, 1931, and on April 7th of that year Mr. Weyand left home, looking for work; it being the understanding that his wife would join him when he found a good job. Upon leaving, he gave Mrs. Weyand ten dollars, and left with her their accumulated savings, amounting to one thousand dollars. He wrote her at first quite frequently; later, his letters were few and far between. He sent her no money.

During the month of May, 1933, Mrs. Weyand, believing that her husband had sent his daughter some money, and learning that he was in the employ of Winston Brothers, at Ronald, Washington, requested the prosecuting attorney of Whatcom county to write him, requesting him to furnish her money for her support. Such a letter was written, to which no answer was received, and a few weeks later the prosecutor wrote a letter to Winston Brothers, asking whether

or not Mr. Weyand was in their employ. A very short time after the writing of this letter, Mr. Weyand was injured, his death following in a couple of weeks.

The evidence indicates that, when Mr. Weyand left his wife in April, 1931, it was with the hope and expectation on the part of both parties that he would find a job, and that his wife would then rejoin him. It cannot be contended that, at the time mentioned, there was any breaking up of the family by a separation which either party anticipated or desired would be permanent. It is possible that Mrs. Weyand would have accompanied her husband in his search for work, if the state of her health had permitted. Mr. Weyand left his savings with his wife, which money she used for her support, conserving the same carefully.

Under these circumstances, it cannot be said that subdivision (i), § 7679, *supra,* applies to the situation here presented. Mrs. Weyand certainly received funds for her support and maintenance within the meaning of this statute, during the period of her husband's absence. It cannot be the intention of this section that a wife ''be deemed living in a state of abandonment'' while she is being supported out of community funds voluntarily turned over to her by her husband when he leaves her to search for work, no facts appearing which would indicate any intention on the part of either the husband or wife to break up the home or to terminate the marital relation, either in fact or by legal process.

The view which we take of the case as hereinbefore expressed renders it unnecessary to discuss other questions of statutory construction argued by the respective parties.

It clearly appears that, at the time of Mr. Weyand's death, respondent was not ''living in a state of aban-

donment," as defined by the section of the statute above quoted.

The judgment appealed from is affirmed.

MILLARD, C. J., TOLMAN, MAIN, and GERAGHTY, JJ., concur.